IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:11cr20 |
| | ) | |
| | ) | JUDGE HAYNES |
| JESSE SANTA PECORA | | |

### ORDER

Before the Court is Defendant Jesse Pecora's pro se motion to dismiss indictment under 18 U.S.C. § 3161(b) (Docket Entry No. 34), to which the Government responded. (Docket Entry No. 50). Defendant's motion asserts that the Government violated his Speedy Trial rights by filing the indictment more than thirty days after his arrest. The Government responds that the indictment was timely because December 17, 2010 through December 28, 2010 was excludable delay under 18 U.S.C. § 3161.

On December 17, 2010, Defendant was arrested and had his initial appearance, and the Government filed a motion for detention. The magistrate judge set the preliminary and detention hearings for December 22, 2010,[1] but these hearings were reset to December 28, 2010. On December 28, 2010, the Defendant waived the hearings and was detained. The indictment was filed on January 19, 2011. Thus, more than thirty days passed between Defendant's arrest and his indictment.

The Speedy Trial Act mandates that an indictment or information must be filed

---

[1] Per the Government's filing, the hearings were rescheduled upon the Defendant's request. (Docket Entry No. 50, at 1).

1

within thirty days of the date of a defendant's arrest. 18 U.S.C. § 3161(b). However, this time period excludes certain periods of delay resulting from other proceedings concerning the defendant, including resulting from pretrial motions. 18 U.S.C. § 3161(h)(1)(D).

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> > (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to-
> >
> > \* \* \*
> >
> > > (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

Id.

In United States v. Bowers, 834 F.2d 607, 609 (6th Cir. 1987), the Sixth Circuit held that the time period between a detention motion and the court's resolution of the motion was excludable under 18 U.S.C. § 3161(h)(1)(D). The Sixth Circuit stated: "Here, on April 30, 1986, the government filed a motion seeking pretrial detention, and the motion was orally granted on May 2; thus, May 1 and 2 are excludable." Id.

In United States v. Dehart, No. 3:10cr250, 2010 WL 4363012, * 4 (M.D. Tenn. Oct. 27, 2010), the court held that "the ten days between the defendant's filing of his Motion to Revoke and the Magistrate Judge's resolution of the motion should be excluded" under 18 U.S.C. § 3161(h)(1)(D). In so holding, the court concluded that United States v. Tinklenberg, 579 F.3d 589, 596 (6th Cir. 2009) was factually distinguishable.

Here, the time period between the Government's motion for detention on December 17, 2010 and the court's resolution of the motion on December 28, 2010 was an excludable period of

2

delay under 18 U.S.C. § 3161(h)(1)(D).  Thus, the Court concludes that the Government did not violate Defendant's Speedy Trial rights and Defendant's motion to dismiss indictment is **DENIED**.

It is so **ORDERED**.

**ENTERED** this the 23rd day of March, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge

3