# United States District Court
## for
## Middle District of Tennessee

## Petition to Modify the Conditions or Term of Supervision

Name of Offender: <u>Jesse Santo Pecora</u>        Case Number: <u>3:11-00020-1</u>

Name of Current Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Name of Sentencing Judicial Officer: <u>Honorable William J. Haynes, Jr., U.S. District Judge</u>

Date of Original Sentence: <u>June 1, 2015</u>

Original Offense: <u>21 U.S.C. § 846, Conspiracy to Possess With Intent to Distribute Cocaine</u>

Original Sentence: <u>96 month's custody followed by five years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>        Date Supervision Commenced: <u>December 28, 2017</u>

Assistant U.S. Attorney: <u>Phil H. Wehby</u>        Defense Attorney: <u>David L. Komisar</u>

### PETITIONING THE COURT

■ To modify the release conditions as follows:

**The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the United States Probation Office. The defendant shall pay all or part of the cost for substance abuse treatment if the United States Probation Office determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.**

**The defendant shall participate in a mental health program as directed by the United States Probation Office. The defendant shall pay all or part of the cost of mental health treatment if the United States Probation Office determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.**

**The defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the United States Probation Office upon request.**

THE COURT ORDERS:
☐ No Action
☑ The modification(s) as noted above.
☐ Other

Considered this 13th day of Aug, 2018,
and made a part of the records in the above case.

_____
Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
James Foster
U.S. Probation Officer

Place    Nashville, TN

Date    August 13, 2018

## ALLEGED VIOLATION

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation No.**   **Nature of Noncompliance**

1.     **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer and controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.**

   On March 9, 2018, Mr. Pecora submitted a urine specimen which tested positive for methamphetamine and cocaine. Although Mr. Pecora initially denied the test results, he in admitted in subsequent conversations that he has periodically struggled with drug use.

2.     **The defendant shall notify the probation officer at least 10 days prior ro any changes in residence or employment.**

   Between January 2018 and March 8, 2018, Mr. Pecora failed to report to the probation officer that he had been fired by the same employer twice, and that information was discovered only through investigation by the probation officer.

   On the morning of March 8, 2018, Mr. Pecora was questioned by the probation officer concerning his most recently reported employment position as a tow truck driver for Southside Towing, in Nashville. Mr. Pecora stated that he had quit that job earlier the same morning following a dispute with his employer concerning his supervisor's dissatisfaction with his work performance. The probation officer subsequently made contact with Southside Towing and learned that Mr. Pecora's statements concerning his employment status were not accurate or forthcoming. In fact, Mr. Pecora had been fired from Southside Towing in mid-January 2018, due to "repeated laziness," but he failed to report that change of employment to the probation officer. Southside Towing re-hired Mr. Pecora in late February 2018, but he reportedly displayed poor performance, failing to follow the company's chain of command and failing to execute work directives. This ultimately led to Mr. Pecora being fired for a second time on the evening of March 2, 2018.

   Later on the morning of March 8, 2018, when advised by the probation officer of the information learned from Southside Towing, Mr. Pecora admitted that he had failed to report that information to the probation offer in a timely or honest fashion, and he apologized for his conduct.

3.     **The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person previously convicted of a felony unless granted permission to do so by the probation officer.**

   In June 2018, without having requested or been granted permission to do so, Mr. Pecora associated with a female acquaintance named Amy Lovlein, who was previously convicted of felony Money Laundering in 2009.

   According to Mr. Pecora, in June 2018, he associated with Ms. Lovlein, whom he described as a friend he originally met 18 years prior. Mr. Pecora reportedly gave Ms. Lovelien a one-way ride to Columbia, Tennessee, on June 7, 2018, dropping her off there to meet unspecified friends. On June 13, 2018, at Ms. Lovelien's request, Mr. Pecora drove her from Nashville to an apartment complex in Murfreesboro, Tennessee. There,

Mr. Pecora waited at his vehicle in the parking lot while Ms. Lovlein entered the apartment complex to meet an unspecified friend. According to Mr. Pecora, he waited for approximately 30 minutes until he was approached and questioned by three plain-clothed officers of the Murfreesboro Police Department. According to Mr. Pecora, the officers explained that Ms. Lovlein was being placed under arrest as the result of a "sting operation," and she and would be charged with Prostitution. The officers reportedly asked Mr. Pecora if he was acting as Ms. Lovlein's "pimp," which he denied, and conducted a search of his vehicle which revealed no contraband. Mr. Pecora was allowed to leave without incident, and a search of his criminal record indicates that he was not arrested or charged in relation to these events. A review of Ms. Lovlein's criminal record indicates that she was previously convicted of Money Laundering (a felony) and Criminal Impersonation (a misdemeanor) in 2009, and was previously charged with (but not convicted of) Promoting Prostitution in 2005.

When questioned by the probation officer, Mr. Pecora denied having been aware of Ms. Lovlein's criminal history or any criminal behavior that she might currently have been involved in. The probation officer noted that Mr. Pecora's admitted activities in relation to Ms. Lovlein, particularly those on the evening of June 13, 2018, appeared quite suspicious. In light of Ms. Lovlein's prior felony conviction, the probation officer advised Mr. Pecora to discontinue his association with Ms. Lovlein.

### **Compliance with Supervision Conditions and Prior Interventions:**

Jesse Santo Pecora began supervision in the Middle District of Tennessee on December 28, 2017, and is scheduled to terminate supervision on December 27, 2022. Mr. Pecora currently resides in Nashville, Tennessee, and is employed as a tow truck driver for Music City Motors. Mr. Pecora submitted a urine specimen on June 18, 2018, which tested negative for any illicit substances.

### **U.S. Probation Officer Recommendation:**

In light of Mr. Pecora's significant history of illegal drug use and his use of illegal drugs since initiating supervised release, it is the probation officer's opinion that Mr. Pecora would benefit from enrollment in a program of ongoing substance abuse testing and treatment. Given that Mr. Pecora cited emotional and adjustment issues as precursors to his drug relapse, and in light of his history of mental health issues, the probation officer believes that Mr. Pecora would also benefit from an additional special condition permitting the probation officer to refer Mr. Pecora to such treatment and to monitor his participation. Finally, given Mr. Pecora's failure to report past employment changes, the probation officer requests the imposition of a special condition requiring Mr. Pecora to furnish all financial records at the officer's request.

It is respectfully recommended that Mr. Pecora's conditions of supervision be modified as indicated in this petition in order that he may benefit substance abuse testing and treatment, mental health treatment, and accountability concerning his financial status. Mr. Pecora concurs with the probation officer's recommendation, is in agreement with the proposed condition, and has voluntarily waived his statutory right to assistance of counsel and a hearing on these matters (see attachment).

Approved: _____  
Britton Shelton  
Supervisory U.S. Probation Officer

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
# for the
# MIDDLE DISTRICT OF TENNESSEE

     I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

     I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

*The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the United States Probation Office. The defendant shall pay all or part of the cost for substance abuse treatment if the United States Probation Office determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.*

*The defendant shall participate in a mental health program as directed by the United States Probation Office. The defendant shall pay all or part of the cost for mental health treatment if the United States Probation Office determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.*

*The defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the United States Probation Office upon request.*

Witness: _____  Signed: _____
            U.S. Probation Officer                  Probationer or Supervised Releasee

                                3-9-18
                              DATE